Carey Caldwell, OSB #093032
Deputy City Attorney
carey.caldwell@portlandoregon.gov
William W. Manlove, OSB #891607
Senior Deputy City Attorney
william.manlove@portlandoregon.gov
Portland City Attorney's Office
1221 SW 4th Ave., Rm. 430
Portland, OR  97204
Telephone: (503) 823-4047
Facsimile: (503) 823-3089
*Of Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **VAN LOO FIDUCIARY SERVICES LLC,** an Oregon Limited Liability Corporation, as personal representative of the estate of, **IMMANUEAL JAQUEZ CLARK,** deceased<br><br>**Plaintiff,**<br><br>v.<br><br>**CITY OF PORTLAND, a municipal corporation, and CHRISTOPHER SATHOFF**<br><br>**Defendants.** | 3:24-cv-00430-IM<br><br>**DEFENDANTS' MOTIONS TO DISMISS AND STRIKE**<br><br>*Oral Argument Requested* |

## LR 7-1 CERTIFICATION

The undersigned certifies that counsel for Defendants City of Portland ("City") and Christopher Sathoff ("Sathoff") (collectively "Defendants") conferred with Plaintiff's counsel in a good faith effort to resolve the subject matter of this Motion but was unable to do so. The Court's ruling is therefore necessary on these matters.

## MOTION

1. Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant City of Portland moves to dismiss

Page  1 – DEFENDANTS' MOTIONS TO DISMISS AND STRIKE

Plaintiff's Second Claim for Relief, Fourth Amendment *Monell* Custom and Practice Claim (ECF 1, ¶¶81-84), for failure to state a claim.

2. Pursuant to Fed. R. Civ. P. 12(f), Defendants move to strike paragraphs 69 through 77 of Plaintiff's Complaint.

This Motion is supported by the legal memorandum set forth below and the pleadings on file herein.

## INTRODUCTION

Plaintiff's *Monell* claim against the City is based on alleged events that occurred more than eight and close to 20 years before the events alleged in its Complaint. In keeping, the allegations in the paragraphs of the Complaint purportedly supporting a *Monell* claim have no relevance to the claims brought. Further, the breadth of those allegations create an unreasonable discovery burden and thereby a significant prejudice against Defendants. The Court should grant Defendants' Motions and dismiss Plaintiff's Fourth Amendment *Monell* claim, or in the alternative, strike the paragraphs in question.

## POINTS AND AUTHORITIES

**A.    Background**

Plaintiff brings multiple claims based on a November 19, 2022, officer involved shooting. Plaintiff alleges that on that day, Officer Sathoff shot decedent Immanueal Jaquez Clark-Johnson ("Clark-Johnson"), violating Mr. Clark-Johnson's civil rights in various manners. Plaintiff also alleges battery against the City and Sathoff as well as negligence against the City.

In support of its Fourth Amendment custom and practice *Monell* claim, Plaintiff relies on alleged events that last occurred more than eight years ago, and then intermittently eight other times in the prior almost 20 years. Those distant events, separated from each other by years at a

Page 2 – DEFENDANTS' MOTIONS TO DISMISS AND STRIKE

time, are not representative of a "persistent and widespread . . . permanent" custom sufficient to support a *Monell* claim. *Monell v. Dept. of Soc. Serv. of N.Y.*, 436 U.S. 658, 691 (1978).

Further, Plaintiff's *Monell* claim is merely conclusory, and does not indicate how the City was deliberately indifferent in any fashion, nor how any custom of care was the cause in fact of any injury to Mr. Clark-Johnson here.

In keeping, the events Plaintiff relies on, mentioned in paragraphs 69 - 77 of Plaintiff's Complaint, refer to numerous allegations about distinguishable incidents, with other people, going back almost 20 years. The allegations contained in those paragraphs are immaterial and irrelevant as they have no bearing on the issues involved in Plaintiff's action as set forth in Plaintiff's Complaint. As such, Defendants are unduly prejudiced by having to waste time and resources to answer and litigate the allegations. Therefore, the Court should strike those paragraphs. *Fantasy, Inc. V. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) *rev'd on other grounds, Fogerty v. Fantasy, Inc.,* 510 U.S. 517, 534-35 (1994).

B.   <u>Legal Argument</u>

   1.   **Fed. R. Civ. P. 12(b)(6) Motion to Dismiss.**

Pursuant to F.R.C.P. 12(b)(6) a motion to dismiss should be granted where the facts alleged fail to state a claim upon which relief may be granted. A 12(b)(6) motion tests whether there is a cognizable legal theory or sufficient facts to support a cognizable legal theory. *Taylor v. Yee*, 780 F.3d 928, 935 (9th Cir. 2015). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, (9th Cir. 2008) (citing *Bell*).

/ / /

Page  3 – DEFENDANTS' MOTIONS TO DISMISS AND STRIKE

The general rule that a court must accept as true all the allegations contained in the complaint does not apply to legal conclusions. *Iqbal*, 556 U.S. at 678. Accordingly, "threadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555); *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

    a.    *Monell* **Liability**

Pursuant to *Monell*, liability of a local governing body arises only when action pursuant to an official policy of some nature caused a constitutional tort and is not based on *respondeat superior*. *Monell*, 436 U.S. at 691-94 (1978); *Long v. Cnty. of Los Angeles,* 442 F.3d 1178, 1185 (9th Cir. 2006). To establish *Monell* liability, the plaintiff must plausibly allege that (1) he was deprived of a constitutional right; (2) the municipality had a policy, custom, or practice; (3) the policy, custom, or practice amounted to deliberate indifference of the plaintiff's constitutional rights; and (4) the policy, custom, or practice was the "moving force" behind the constitutional violation. *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (citing *Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997)).

A "custom" is a "widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well-settled as to constitute a custom or usage with force of law." *Sherman v. Clackamas Cnty. Sherriff's Office*, Case No. 3:21-cv-01005-HL, 2022 WL 2670148, at *8 (D. Or. June 23, 2022) (citing *St. Louis v. Praptronik*, 485 U.S. 112, 127 (1988)); *Est. of Marshall v. City of Forest Grove*, No. 3:22-CV-01470-YY, 2023 WL 6476618, at *4 (D. Or. Oct. 5, 2023) ("Liability for improper custom ... must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy.") (citing *Lucero v. Hart*, 915 F.2d 1367, 1370 (9th Cir. 1990).

/ / /

   i.  *Plaintiff Has No* Monell *Claim*.

Plaintiff fails to identify any persistent, widespread, permanent, and consistent custom or practice to support its claims. *Monell*, 436 U.S. at 691. Instead, Plaintiff relies on events that are so far away in time that they could not possibly have any causative effect on the acts alleged against the City.

In other words, logically, there could not be a persistent custom that last happened more than eight years before the events at issue here. In keeping, there cannot be a causal connection between a singular present-day event and things that happened eight to 20 years ago. *See*, *e.g.*, *Lucero v. Hart*, 915 F.2d 1367, 1370 (9th Cir. 1990) ("Liability for improper custom * * * must be founded upon practices of sufficient duration, frequency and consistency . . ."); *Thompson v. City of L.A.*, 885 F.2d 1439, 1443–44 (9th Cir. 1989) ("Consistent with the commonly understood meaning of custom, proof of random acts or isolated events are insufficient to establish custom.") *overruled on other grounds*, *Bull v. City & Cty. of S.F.*, 595 F.3d 964 (9th Cir. 2010) (en banc). The nine sporadic, isolated events, that last occurred more than eight years ago, cannot and do not show evidence of any consistent, widespread, pervasive, or permanent *current* custom or practice.

In keeping with the inability to establish any custom or practice, Plaintiff's Complaint alleges that the actual policy of the Portland Police Bureau ("PPB") is contrary to its allegations. Paragraphs 64 and 65 of Plaintiff's Complaint allege that PPB "is committed to protecting human life" and to providing "emergency aid to ill or injured persons." (ECF 1, p. 9). Plaintiff fails to allege how the City was deliberately indifferent in its approach to said policies, or how such deliberate indifference led to any violation of Mr. Clark-Johnson's rights or foreseeably caused him injury. *See*, *e.g.*, *Connick v. Thompson*, 563 U.S. 51, 61 (2011) (must show continued adherence to a failed approach to prevent tortious conduct to support deliberate indifference).

Page  5 – DEFENDANTS' MOTIONS TO DISMISS AND STRIKE

Based on the foregoing, Plaintiff's Second Claim for relief should be dismissed.

    2.        **Fed. R. Civ. P. 12(f)**

F.R.C.P. 8(d)(1) requires a complaint contain "simple, concise, and direct allegations" in support a claim. F.R.C.P. 12(f) authorizes the court on its own initiative, or pursuant to a motion from either party, strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." The purpose of the rule is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010). Rule 12(f) is also designed to "reinforce the requirement in Rule 8(d) that pleadings be simple, concise, and direct." 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1380 (3d. Ed.).

As set forth in the prior section, Plaintiffs' allegations of municipal liability must depend on factually similar incidents involving, or at least implicating, the challenged custom. On the other hand, factually dissimilar or generalized incidents involving the Portland Police Bureau have no bearing on Plaintiff's *Monell* allegations, regardless of their controversy.

    **a. Strike Paragraphs 69 - 77.**

The nine paragraphs of Plaintiff's Complaint describe anecdotes of factually distinct police interactions that Plaintiffs attempt to paint as representative of some "custom or practice" of Portland police officers' failing to provide medical aid. However, in only one instance (¶71), does Plaintiff allege that any delay in care caused any harm. In no other instance does Plaintiff allege the purported delays caused any harm, foreseeable or not. Further, in multiple instances, Plaintiff attempts to pigeonhole its exemplars as representative of unreasonable delay with the ambiguous statement that any delay was "for an unknown extended period." (¶¶75-77). That phrase could not support identity or similarity to the events at issue here. In addition, ironically, those examples are

the only allegations that come close to being within a decade of the event at issue here – yet they still remain more than eight and 10 years ago. That is insufficient to support a *Monell* claim. *Solis v. City of Sunnyvale*, No. 20-CV-03912-NC, 2020 WL 6161504, at *7 (N.D. Cal. Oct. 21, 2020) (finding example from 15 years prior insufficient to support *Monell* claim).

Ultimately, Plaintiffs' pleadings will inform the scope of evidence at issue in the suit. As it stands, the paragraphs moved against in Plaintiff's Complaint will require litigating each of those allegations to disprove Plaintiff's conclusory allegations. That implicates an unduly burdensome task for the City and prejudice in general as to the scope of effort Defendants would be forced to engage in in responding to allegations so distant in time that have no bearing on the issues in the current suit. The allegations are simply unrelated to a Plaintiffs' claims, are "unworthy of any consideration, and [] their presence will be prejudicial.". *City of Portland v. Iheanacho*, No. 3:17-CV-0401-AC, 2018 WL 1426564, at *3 (D. Or. March 22, 2018).

## CONCLUSION

Based on the foregoing, Defendants respectfully request the Court dismiss Plaintiff's Second Claim for Relief, custom and practice, or in the alternative, strike paragraphs 69 – 77 of Plaintiff's Complaint.

DATED: May 20, 2024.

Respectfully submitted,

*/s/ Carey Caldwell*
Carey Caldwell, OSB #093032
Deputy City Attorney
carey.caldwell@portlandoregon.gov
William W. Manlove, OSB #891607
Senior Deputy City Attorney
william.manlove@portlandoregon.gov
*Of Attorneys for Defendants*

Page  7 – DEFENDANTS' MOTIONS TO DISMISS AND STRIKE