**Jesse Merrithew**, OSB No. 074564
Email: jesse@lmhlegal.com
**Sara Long**, OSB No. 224433
Email: saralong@lmhlegal.com
Levi Merrithew Horst PC
610 SW Alder Street, Suite 415
Portland, Oregon 97205
Telephone: (971) 229-1241
Facsimile: (971) 544-7092

**J. Ashlee Albies**, OSB No, 051846
Email: ashlee@albiesstark.com
**Maya Rinta,** OSB No. 195058
Email: maya@albiesstark.com
Albies & Stark
1500 SW First Avenue, Suite 1000
Portland, Oregon 97201
Telephone: (503) 308-4770
Facsimile: (503) 427-9292

**Juan C. Chavez**, OSB #136428
Email: jchavez@ojrc.info
Oregon Justice Resource Center
P.O. Box 5248
Portland, Oregon 97208
Telephone: (503) 944-2270
Facsimile: (971) 328-3982

**Attorneys for Plaintiff**

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **VAN LOO FIDUCIARY SERVICES LLC, an Oregon Limited Liability Corporation, as personal representative of the estate of, IMMANUEAL JAQUEZ CLARK, deceased,**<br><br>Plaintiff, | Case No. 3:24-cv-00430-IM<br><br>**FIRST AMENDED COMPLAINT**<br>Civil Rights Violation<br>Excessive Force<br>**(42 U.S.C. § 1983)**<br><br>**Oregon Tort Claims Act** |

FIRST AMENDED COMPLAINT - 1
(Case No. 3:24-cv-00430-IM)

Levi Merrithew Horst PC
610 SW Alder St. Suite 415
Portland, OR 97205
T: 971.229.1241 | F: 971.544.7092

|  |  |
|---|---|
| vs. | **(Or. Rev. Stat. § 30.260** *et seq*) Wrongful Death |
| **CITY OF PORTLAND, a municipal corporation, and CHRISTOPHER SATHOFF,** | **Jury Trial Demanded** |
| Defendants. | |

Plaintiff Van Loo Fiduciary Services LLC, by and through its attorneys, hereby alleges:

## NATURE OF ACTION

1. This is a civil rights action brought pursuant to 42 U.S.C. § 1983 and Or. Rev. Stat. § 30.265 by the estate of Immanueal "Manny" Jaquez Clark. In the early morning of November 19, 2022, several Portland Police Bureau ("PPB") members attempted a "felony stop" of a car that Clark was standing near. These police officers wrongly and unreasonably believed this car was involved in an attempted armed robbery about 20 minutes earlier. As soon as the police initiated the attempted "stop" of the parked, non-running car, Clark ran away. As Clark ran, Defendant Christopher Sathoff shot him in the back with an AR-15 rifle. The police then left him to lay on the concrete parking lot, writhing in pain and bleeding out, for 26 minutes before providing any medical attention. Clark was unarmed. Clark eventually died in the hospital from this gunshot wound. The City of Portland later ratified Sathoff's conduct, finding that Sathoff was following the City's policy when he shot Clark in the back. Defendants violated Plaintiff's rights under the Fourth Amendment to the United States Constitution and state common law. As a result of Defendants' acts and omissions, Plaintiff suffered economic and noneconomic damages, and is entitled to damages and an award of attorney's fees and costs.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over Plaintiff's claims of violation of federal constitutional rights pursuant to 28 U.S.C. §§ 1331 and 1343 because the causes of action

FIRST AMENDED COMPLAINT - 2
(Case No. 3:24-cv-00430-IM)

LEVI MERRITHEW HORST PC
610 SW ALDER ST. SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092

arise under 42 U.S.C. § 1983. This Court has supplemental jurisdiction over Plaintiff's pendent state law claims under 28 U.S.C. § 1367.

3. Venue is proper in the District of Oregon pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the District of Oregon and because Defendants are subject to personal jurisdiction in the District of Oregon.

## TORT CLAIM NOTICE

4. Notice of this claim to the City of Portland was provided on or about October 9, 2023.

## PARTIES

5. Clark died intestate. Van Loo Fiduciary Services LLC is an Oregon limited liability corporation. The Multnomah County Circuit Court appointed it as personal representative of the estate of Clark on February 15, 2024. *See, In the Matter of the Estate of Immanueal Jaquez Clark*, Case No. 24PB01139.

6. Immanueal Jaquez Clark was a resident of the state of Oregon at the time he was killed and all relevant times.

7. At all relevant times, Christopher Sathoff was employed as a law enforcement officer for the City of Portland, Oregon acting under color of state law. He is sued in his individual capacity.

8. The City of Portland is a municipal corporation in the State of Oregon. As a local governmental entity, the City of Portland is a person under 42 U.S.C. § 1983. At all material times, the City of Portland employed Defendant Sathoff and all other police officers referenced herein.

FIRST AMENDED COMPLAINT - 3
(Case No. 3:24-cv-00430-IM)

Levi Merrithew Horst PC
610 SW Alder St. Suite 415
Portland, OR 97205
T: 971.229.1241 | F: 971.544.7092

## GENERAL ALLEGATIONS

9. On November 19, 2022, at approximately 12:25 AM, four white men, wielding a gun, attempted a robbery of a person parked in his car at the Super Deluxe fast-food restaurant, located at SE Powell Blvd and 50th Ave.

10. At 12:25 AM, the victim of the attempted robbery called 911 and reported the robbery to police.

11. The victim told the 911 dispatcher that 3-4 white men were involved in the robbery, and they left in a sedan heading west on Powell Boulevard.

12. The victim was only able to describe the gunman as a white man wearing a ski mask and a black hoodie.

13. The victim provided no further description of any of the suspects other than that they were "definitely" white men.

14. The dispatcher relayed this information to police on the radio and via text on the police CAD system.

15. The description on the CAD of the suspects reads "3-4 SUBJS IN VEH, ALL M… ALL WM, HANDGUN… GUNMAN WEARING A SKI MASK, BLK HOODIE. NO BETTER ON OTHERS."

16. The description on the CAD of the suspect car reads "VEH—UNK COLOR SEDAN L/S WB ON POWELL."

17. Officer James Brewer was the first to respond to the robbery call. He was dispatched at 12:27 AM and arrived at the Super Deluxe within a few minutes.

18. The only "additional" information about the suspects that Brewer was able to obtain from the victim was that the gun was possibly a black semiautomatic pistol and there was

FIRST AMENDED COMPLAINT - 4
(Case No. 3:24-cv-00430-IM)

Levi Merrithew Horst PC
610 SW Alder St. Suite 415
Portland, OR 97205
T: 971.229.1241 | F: 971.544.7092

a total of four people including the driver who stayed in the car. Brewer broadcast this information at 12:38 AM.

19. Based solely on the information known to the police at this point—the suspects were four white men, one was wearing a black hoodie and ski mask, and they were driving in a sedan--neither reasonable suspicion nor probable cause existed to stop or arrest any person in connection with the attempted robbery.

20. Six minutes after the robbery call was made, at 12:31 AM, Sergeant Michael Francis was driving east on Powell Boulevard, approximately 30 blocks west of the Super Deluxe.

21. Francis saw a sedan with *three* people in it turn east onto Powell from the north side of SE 23rd Avenue. He saw the sedan initially enter the westbound lane going east, correct to the proper lane of travel, and that it was moving fast.

22. Francis attempted to follow this car. He saw the car turn south onto SE Cesar Chavez Boulevard, but then lost sight of it.

23. After Francis lost sight of the car he was following, the Portland Police Bureau's airplane came into the area to try to find it.

24. Francis informed the officers on the plane that he lost the car going southbound on SE Cesar Chavez and that he believed the car would be headed east around Woodstock.

25. The tactical flight officer in the airplane, Daniel Barnard, saw a car going *west* on SE Steele Street, south of Powell and west of SE Cesar Chavez.

26. The airplane with Barnard inside followed this car from the air to the parking lot of the Reedwood Friends Church, at 2901 SE Steele Street.

27. The car parked in the back of the parking lot at 12:36 AM.

FIRST AMENDED COMPLAINT - 5
(Case No. 3:24-cv-00430-IM)

LEVI MERRITHEW HORST PC
610 SW ALDER ST. SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092

28. At that point, Francis, along with Officer Kenneth Jackson, Sergeant Adam Speer, Officer Kayla Postula, Officer Jeff Livingston, Officer Jerry Ables, Officer Israel Holsti, and Officer Christopher Sathoff converged around the corner of SE 30th Avenue and SE Steele Street.

29. Barnard continued to monitor from the air.

30. The officers on the ground could not see the parked car from their location.

31. Barnard observed that some of the people who had been in the car had gotten out and were standing near it or walking around the parking lot.

32. Barnard told the officers on the ground that the car in the parking lot was occupied by three people.

33. Within a couple minutes of all officers arriving, at 12:39 AM, they decided to approach the car and conduct a "felony" or "high-risk" stop on the people who were inside and standing outside of the car.

34. Conducting a "high-risk" or "felony" stop requires probable cause of a crime to be constitutional under Article I, section 9, of the Oregon Constitution. Reasonable suspicion is insufficient.

35. Under the circumstances of this case, a high-risk felony stop transformed the stop into an arrest under the Fourth Amendment to the United States Constitution.

36. There was a lack of command control in concocting and executing this stop.

37. The officers failed to properly plan the stop and no clear roles were assigned to each officer before approaching it.

38. The officers had no probable cause or reasonable suspicion to believe that any person in or standing around this car was involved in the attempted robbery at the Super Deluxe.

FIRST AMENDED COMPLAINT - 6
(Case No. 3:24-cv-00430-IM)

LEVI MERRITHEW HORST PC
610 SW ALDER ST. SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092

39. The officers had no probable cause or reasonable suspicion to believe that any person in or standing around this car was armed.

40. The officers had no probable cause or reasonable suspicion to believe that the driver of the car had committed the traffic infractions observed by Francis on Powell Boulevard because there was insufficient evidence to believe that this was even the same car Francis had seen, much less the same car in which the attempted robbery suspects had fled.

41. Jackson, Speer, Postula, Holsti, and Sathoff got into two police vehicles to approach the car.

42. Jackson and Postula were in Jackson's car with his patrol dog in the back. Speer, Holsti, and Sathoff were in Speer's car. Sathoff, armed with an assault rifle, was in the passenger seat and Holsti was in the rear passenger side seat.

43. As the two police vehicles approached the suspect car, the drivers turned on their "take down" lights, which are extremely bright forward-facing lights that illuminate the area in front of the cars and are blinding to anyone looking at the lights.

44. All five police officers got out of their cars.

45. Immanueal Clark was outside of the car near the driver's door. Damon Dubois was near the passenger's door. Both men ran north as the police were getting out of their cars. Dubois was ahead of Clark.

46. Dubois and Clark are both Black men. All of the attempted robbery suspects were white men.

47. The other two people in or near the car were a white woman and a white or Hispanic man.

48. Clark was unarmed as he ran from the police.

FIRST AMENDED COMPLAINT - 7
(Case No. 3:24-cv-00430-IM)

Levi Merrithew Horst PC
610 SW Alder St. Suite 415
Portland, OR 97205
T: 971.229.1241 | F: 971.544.7092

49. There were no specific, articulable facts that would have led a reasonable police officer to believe that Clark was armed as he ran from the police.

50. Clark made no threats to the police prior to or while he was running away.

51. Sathoff intentionally shot Clark in the back with an AR-15 rifle as Clark was running away.

52. Sathoff knew immediately that he had shot Clark.

53. At 12:41 AM, while one officer was broadcasting that the suspects were running, the audio recording captures Sathoff firing his AR-15 three times.

54. The bullet that hit Clark lacerated his small bowel, his mesentery, his left kidney, and his liver.

55. Clark dropped to the pavement, bleeding profusely and calling out for help.

56. Clark was unable to crawl or walk on his own.

57. Neighboring residents heard his cries for help and, were it not for the police presence, would have provided first aid and gotten him an ambulance.

58. The police also could hear his cries for help.

59. The police prevented would-be good Samaritans from helping Clark with his life-threatening injuries.

60. Within one minute of the shots fired broadcast, an AMR ambulance was staged nearby and ready to provide emergency medical care and transport to an emergency room of a hospital.

61. OHSU and Legacy Emmanuel are both equipped to provide the emergency medical care Clark needed and are within six miles of where he was shot.

FIRST AMENDED COMPLAINT - 8
(Case No. 3:24-cv-00430-IM)

LEVI MERRITHEW HORST PC
610 SW ALDER ST. SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092

62. Had the ambulance and its EMTs been allowed to get to Clark, they could have provided stabilizing care immediately, including providing Clark with medication to manage his excruciating pain.

63. Instead, Clark was forced to lay on the pavement with his body going into shock, bleeding internally and externally for 26 minutes, calling out for help that no one would provide him.

64. Clark died in the hospital on November 21 at 4:38 AM.

## ALLEGATIONS AGAINST THE CITY OF PORTLAND

65. Following the shooting, the City of Portland began its process for determining whether the shooting was consistent with its policies.

66. The process for investigating a police officer's use of deadly force is outlined in PPB Directive 1010.10.

67. Pursuant to Directive 1010.10, the Professional Standards Division ("PSD") is responsible for conducting a comprehensive review of the shooting incident and making recommended findings of whether or not each involved officer violated any relevant PPB policies.

68. The PSD assigned Stacey Rovinelli as the lead investigator.

69. Rovinelli conducted a comprehensive review of the shooting incident pursuant to PPB policy, including a review of all the evidence gathered, and interviewing Sathoff twice.

70. At the conclusion of her review, Rovinelli concluded that Sathoff violated PPB Directive 1010.00 by using deadly force against Clark, specifically concluding that Sathoff violated the Fourth Amendment rights of Clark. Her review is contained in a 41-page report.

FIRST AMENDED COMPLAINT - 9
(Case No. 3:24-cv-00430-IM)

LEVI MERRITHEW HORST PC
610 SW ALDER ST. SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092

71. Concurrent with the PSD review of the deadly force incident, the Training Division conducts its own review of the incident to determine whether the involved officers acted consistent with the way the City trained them to act.

72. In this case, Lieutenant Casey Hettman conducted the Training Division Review. Hettman concluded that Sathoff's conduct in shooting Clark was "within an accepted range of options and tactics" based on the way the City trained him.

73. The next step in City's review of deadly force incidents is for the PSD Investigator's report, along with the Training Division review, and the criminal investigation to be reviewed by the "RU Manager".

74. In this case, the RU Manager, Acting Commander Jacob Clark, concluded that, contrary to PSD Investigator Rovinelli's conclusion, Sathoff's use of deadly force was consistent with the City's policy for the use of deadly force.

75. The RU Manger's conclusion was then reviewed by both the Captain of PSD, Greg Pashley, and Assistant Chief Gjovik. Both of these high-ranking officers agreed that Sathoff's use of deadly force was consistent with the City's policy.

76. The director of the Independent Police Review, Ross Caldwell, also reviewed the shooting. Caldwell agreed with Rovinelli, finding that the shooting violated the City's policy.

77. All of this information then gets presented to the Police Review Board ("PRB"). The PRB is made up of seven members. After reviewing all of the available information, the PRB voted 4-3 to find the shooting within policy.

78. Pursuant to City ordinance, the mayor and chief of police are the final policymakers for the City when it comes to determining whether a PPB member violated policy in their use of deadly force.

FIRST AMENDED COMPLAINT - 10
(Case No. 3:24-cv-00430-IM)

Levi Merrithew Horst PC
610 SW Alder St. Suite 415
Portland, OR 97205
T: 971.229.1241 | F: 971.544.7092

79. In this case, having reviewed all of the information, including Rovinelli's report and all of the information discussed above, both the mayor, Ted Wheeler, and the police chief, Robert Day, concluded that Sathoff's use of deadly force was consistent with the policy of the City of Portland.

80. In the entire known history of the Portland Police Bureau, only one officer has ever been effectively disciplined in any way for their use of deadly force.

## FIRST CLAIM FOR RELIEF

### (Excessive Force – Violation of Fourth Amendment)

### (Against Defendants Sathoff and the City of Portland)

81. Defendant Sathoff acted under color of state law when he shot Clark.

82. As alleged above, Defendant Sathoff's use of force was objectively unreasonable under the circumstances, constituted excessive force, and was an unreasonable and unjustifiable use of deadly force.

83. Ted Wheeler and Robert Day acted under color of state law when they reviewed and ratified Sathoff's conduct.

84. Ted Wheeler and Robert Day had final policy making authority from Defendant City of Portland concerning Sathoff's use of deadly force.

85. Ted Wheeler and Robert Day ratified Sathoff's use of deadly force, that is, Wheeler and Day knew of and specifically made a deliberate choice to approve Sathoff's use of deadly force and the basis for it.

86. Plaintiff should be awarded his attorney fees and costs against Defendants pursuant to 42 U.S.C. §1988.

FIRST AMENDED COMPLAINT - 11
(Case No. 3:24-cv-00430-IM)

LEVI MERRITHEW HORST PC
610 SW ALDER ST. SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092

## SECOND CLAIM FOR RELIEF

### (Wrongful Death -- Battery – Or. Rev. Stat. § 30.020 *et. seq.*)

### (Against Defendant Sathoff and the City of Portland)

87. As alleged above, Defendant Sathoff's use of force was intentional.

88. As alleged above, Defendant Sathoff's use of force was unreasonable.

89. Under the Oregon Tort Claims Act, the City of Portland is liable for Defendant's Sathoff's tortious conduct occurring within the course and scope of his duties as a Portland Police Bureau member.

## DAMAGES

90. As a direct and proximate result of the conduct of the Defendants, Plaintiff suffered economic and noneconomic damages, including:

    a. Medical services, burial services, and memorial services;

    b. Clark's pain and suffering in the time before medical aid was rendered and in the days before his death;

    c. Clark's loss of enjoyment of life;

    d. Compensation for Clark's loss of his civil right to be free from the use of excessive force by law enforcement;

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court will enter a Judgment in his favor, and against Defendants, as follows:

FIRST AMENDED COMPLAINT - 12
(Case No. 3:24-cv-00430-IM)

LEVI MERRITHEW HORST PC
610 SW ALDER ST. SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092

A. Grant Plaintiff compensatory damages against Defendants in an amount to be determined at trial;

B. Award Plaintiff reasonable costs, expenses, and attorney's fees;

C. Grant Plaintiff such further relief as this Court deems just and equitable under the circumstances.

### JURY DEMAND

Plaintiff hereby demands a jury trial.

**DATED** this 11th day of December, 2024.

By: /s Jesse Merrithew
**Jesse Merrithew**, OSB No. 074564
**Sara Long**, OSB No. 224433
**J. Ashlee Albies,** OSB No. 051846
**Maya Rinta,** OSB No. 195058
**Juan C. Chavez**, OSB No. 136428

**Of Attorneys for Plaintiff**

FIRST AMENDED COMPLAINT - 13
(Case No. 3:24-cv-00430-IM)

LEVI MERRITHEW HORST PC
610 SW ALDER ST. SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092