Carey Caldwell, OSB #093032
Senior Deputy City Attorney
carey.caldwell@portlandoregon.gov
Portland City Attorney's Office
1221 SW 4th Ave., Rm. 430
Portland, OR  97204
Telephone: (503) 823-4047
Facsimile: (503) 823-3089
*Of Attorneys for Defendant*

### UNITED STATES DISTRICT COURT

### DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| **VAN LOO FIDUCIARY SERVICES LLC,** an Oregon Limited Liability Corporation, as personal representative of the estate of, **IMMANUEAL JAQUEZ CLARK,** deceased<br><br>    Plaintiff,<br><br>    v.<br><br>**CITY OF PORTLAND, a municipal corporation, and CHRISTOPHER SATHOFF**<br><br>    **Defendant.** | 3:24-cv-00430-IM<br><br>**DEFENDANT CITY OF PORTLAND'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |

In accordance with Fed. R. Civ. P. 15(a)(1)(A), Defendant City of Portland ("City"; "Defendant") files its Answer and Affirmative Defenses to Plaintiff's First Amended Complaint ("Complaint") in correspondingly numbered paragraphs as follows:

#### NATURE OF ACTION

1.        Paragraph 1 of Plaintiff's Complaint is a narrative with legal conclusions to which a response is not required. Defendant City admits that Officer Sathoff shot Mr. Clark and that Mr. Clark ultimately died. Defendant City also admits the shooting was found in policy. To the extent further response is required, Defendant otherwise denies the allegations in Paragraph 1.

Page  1 – DEFENDANT CITY OF PORTLAND'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

## JURISDICTION AND VENUE

2. – 3.  Defendant admits proper jurisdiction and venue.

## TORT CLAIM NOTICE

4.  Defendant City admits proper tort claim notice.

## PARTIES

5. – 8.  Defendant admits the parties are as identified in Paragraphs 5 through 8

## GENERAL ALLEGATIONS

9. – 13.  Defendant admits that on November 19, 2022, at approximately 12:25 a.m., one person with a gun, identified as a white male by a Super Deluxe fast-food employee, parked in his car at the Super Deluxe, located on SE Powell Blvd and 50th Ave., and attempted a robbery of the employee. Defendant further admits that the employee relayed that there were a total of three to four individuals, including the one person who approached him with a gun. Defendant denies the employee told 911 that all suspects were white.

14. – 16.  The Bureau of Emergency Services records speak for themselves. To the extent Plaintiff mischaracterizes those records, Defendant denies.

17. – 18.  Officer Brewer's report, 22-308667, speaks for itself. Defendant specifically denies that Officer Brewer only obtained additional information related to a gun. To the extent Plaintiff otherwise mischaracterizes that record, Defendant further denies.

19.  Paragraph 19 of Plaintiff's Complaint contains conclusions, including legal conclusions, to which a response is not required. To the extent a response is required, Defendant denies.

20. – 23.  Officer Francis's report speaks for itself. However, Officer Francis reported seeing "at least 3 heads" in the vehicle. Defendant denies Plaintiff's allegations that otherwise characterize what Officer Francis saw.

24. – 27.  Officer Barnard's report speaks for itself and Defendant admits that Plaintiff's allegations are more or less consistent with the same.

28 – 31.    Defendant admits Paragraphs 28 through 31.

32 – 33.    Defendant denies the allegations in Paragraphs 32 and 33 to the extent they allege Officer Barnard said there were only three people and officers discussed a "felony" stop.

34. – 40.    Paragraphs 34 through 40 contain legal conclusions to which a response is not required. To the extent a response is required, Defendant denies.

41. – 42.    Defendant admits the named officers were in the respective vehicles and arranged as described. Defendant otherwise denies the characterization of any weapons.

43. – 44.    Defendant admits Sergeant Speer turned on his overhead and take-down lights and the officers exited the vehicles. Defendant otherwise denies any of Plaintiff's conclusory characterizations.

45. – 48.    Defendant admits Dubois and Clark ran from the police after they were instructed to stop, that those two men are black, and that there were two other people on scene. Defendant is without sufficient knowledge to admit or deny the remaining allegations in those paragraphs and therefore denies.

49. – 50.    Paragraphs 49 and 50 contain legal conclusions to which a response is not required. To the extent a response is required, Defendant denies.

51. – 52.    Defendant admits that Officer Sathoff intentionally shot Clark and knew he shot Clark.

53.    Any recording speaks for itself. To the extent Plaintiff mischaracterizes the recording, Defendant denies.

54.    Defendant is without sufficient information to admit or deny the allegations in paragraph 54.

55. – 56.    Defendant admits that Clark fell after he was shot and did not walk or crawl afterward. Defendant is otherwise without sufficient information to admit or deny the remaining allegations in those paragraphs and therefore denies.

/ / /

57. – 58.    Defendant admits that that those nearby could hear Clark, including neighbors and police. Defendant is otherwise without sufficient information to admit or deny the remaining allegations in those paragraphs, and therefore denies those allegations.

59.    Defendant admits that the police coordinated to secure the scene before allowing anybody to approach Clark.

60. – 61.    Defendant admits that AMR was staged, and OHSU and Legacy Emmanuel are hospitals within miles, and that all three can provide medical care. Defendant further admits that AMR did in fact transport Clark. Defendant otherwise denies the allegations in Paragraphs 60 and 61.

62. – 63.    The allegations in Paragraphs 62 and 63 are conclusory and do not require a response. To the extent a response is required, Defendant denies.

64.    Defendant admits that Clark died.

## ALLEGATIONS AGAINTS THE CITY OF PORTLAND

65. – 70.    Defendant admits that PPB Directive 1010.10 prescribes PSD perform a review of officer involved shootings, that Stacey Rovinelli and Eric Stout performed that review, and that a report was generated from that review with recommendations. That report speaks for itself. To the extent Plaintiff mischaracterizes that report or any findings, Defendant denies those paragraphs. Defendant specifically denies that Rovinelli "specifically concluded" Sathoff violated the Fourth Amendment.

71. – 72.    Defendant admits that Casey Hettman conducted a Training Division Review. That report speaks for itself. To the extent Plaintiff mischaracterizes that report or any findings, Defendant denies those paragraphs.

73. – 74.    Defendant admits that Acting Commander Jacob Clark performed an RU review and found Officer Sathoff's use of force in policy. That report otherwise speaks for itself. To the extent Plaintiff mischaracterizes that report or any findings, Defendant denies those paragraphs.

75. Defendant admits that Assistant Chief Gjovik and Captain Greg Pashley signed a CHO Findings Cover Sheet and IA Findings Cover Sheet, respectively, with each finding in policy.

76. Defendant Admits Ross Caldwell recommended out of policy. That report otherwise speaks for itself. To the extent Plaintiff mischaracterizes that report or any findings, Defendant denies.

77. Defendant admits the PRB reviewed materials and four members determined Officer Sathoff's use of force was in policy and three members determined it was out of policy.

78. Portland City Ordinances speak for themselves and a response is not required here.

79. Defendant admits Mayor Ted Wheeler and Chief Robert Day signed a memo finding Sathoff's use of force in policy. Defendant otherwise denies Plaintiff's characterizations in this paragraph.

80. The allegations in this paragraph are vague and conclusory and therefore do not require a response. To the extent a response is required, Defendant denies.

## FIRST CLAIM FOR RELIEF

### (Excessive Force – Violation of Fourth Amendment)

### (Against Defendant Sathoff and the City of Portland)

81. Defendant admits.

82. This paragraph contains legal conclusions to which a response is not required. To the extent a response is required, Defendant denies.

83. – 85. These paragraphs contain legal conclusions to which a response is not required. Defendant admits Chief Day and Mayor Wheeler signed a confidential memorandum concurring with the majority of the PRB members' findings.

/ / /

86.     This paragraph contains legal conclusions to which a response is not required. To the extent a response is required, Defendant denies.

## SECOND CLAIM FOR RELIEF

### Wrongful Death -- Battery – Or. Rev. Stat. § 30.020 *et. seq.*)

### (Against Defendant Sathoff and the City of Portland)

87.     Defendant admits Officer Sathoff's use of force was intentional.

88.     This paragraph contains legal conclusions to which a response is not required. To the extent a response is required, Defendant deny.

89.     Defendant City admits that the City is liable for the acts of its agents or employees acting within the course and scope of their duties.

## DAMAGES

90.     This paragraph contains legal conclusions to which a response is not required. To the  extent a response is required, Defendant lacks sufficient information at this time to admit or deny the nature or extent of Plaintiff's alleged damages, and therefore denies those damages.  In any event, Defendant denies that it is legally responsible for any such damages.

91.     Except as expressly admitted above, Defendant denies each and every remaining allegation of Plaintiff's Complaint, because those allegations are untrue, or because Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations at the present time. Defendant specifically denies that its actions were unconstitutional, unreasonable, or unlawful in any manner.

92.     Defendant requests a jury trial.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

93.     Plaintiff has failed to state a claim upon which relief can be granted.

/ / /

/ / /

## SECOND AFFIRMATIVE DEFENSE

(Qualified Immunity)

94. Officer Sathoff is entitled to qualified immunity from liability under 42 USC § 1983 because he acted in good faith, and a reasonable police officer in his situation would not have known that any of their actions would violate a clearly established constitutional or federally protected right of Plaintiff.

## THIRD AFFIRMATIVE DEFENSE

(Objective Reasonableness)

95. Officer Sathoff's use of lethal force was objectively reasonable under the totality of the circumstances because Mr. Clark's conduct and actions created an immediate threat of death or serious bodily injury to other officers, civilians, and himself.

## FOURTH AFFIRMATIVE DEFENSE

(Justification-Common Law)

96. Any use of control or force by Officer Sathoff or any of the City's other police officers, or time taken to secure the scene, was justified, as those actions were necessary to carry out their duties as law enforcement officers.

## FIFTH AFFIRMATIVE DEFENSE

(Justification-Oregon Statute)

97. Any use of control or force by Officer Sathoff or any of the City's other police officers was justified, as those actions were necessary to carry out their duties as law enforcement officers, and those actions were authorized by ORS 161.205(5), ORS 161.209 and ORS 161.219(3).

/ / /

/ / /

/ / /

/ / /

### SIXTH AFFIRMATIVE DEFENSE

(Privilege)

98. Any use of control or force or time taken to secure the scene by Officer Sathoff or any of the City's other police officers was privileged, as those actions were necessary to carry out their duties as law enforcement officers.

### SEVENTH AFFIRMATIVE DEFENSE

(Good Faith)

99. Any use of control or force by Officer Sathoff or any of the City's other police officers was done in good faith.

### EIGTH AFFIRMATIVE DEFENSE

(Good Faith)

100. Any time taken to secure the scene to provide medical care by any of the City's police officers was done in good faith and in support of safety of the officers and public.

### NINTH AFFIRMATIVE DEFENSE

(Self-Defense)

101. Officer Sathoff was justified and privileged to use lethal force to protect himself from a reasonable belief of an immediate threat of death or serious bodily injury from Mr. Stanton.

### TENTH AFFIRMATIVE DEFENSE

(Defense of Others)

102. Officer Sathoff was justified and privileged to use lethal force to protect other persons from a reasonable belief of an immediate threat of death or serious bodily injury from Mr. Clark.

/ / /

/ / /

/ / /

## ELEVENTH AFFIRMATIVE DEFENSE

(Comparative Fault - ORS 31.600 – Decedent Mr. Clark)

103.     Defendants are not at fault in the action pled by Plaintiff because the death of Mr. Clark was his sole and exclusive fault. Plaintiff's injuries and resulting damages, if any, were caused, in whole or substantial part, by Mr. Clark's own criminal, reckless, and negligent actions as follows:

(a)     Fleeing from uniformed police officers;

(b)     Reaching for his belt line, where firearms are often secreted, while fleeing from uniformed police officers;

(c)     Failing to obey the lawful commands of uniformed police officers; and

(d)     In consuming or abusing substances so as to affect his judgment and decision-making.

## TWELTH AFFIRMATIVE DEFENSE

(ORS 31.180 – Certain Felonious Conduct as Bar to Civil Action)

104.     Plaintiff's state law claims are barred by ORS 31.180, as Mr. Clark's felonious conduct was a substantial factor contributing to his death.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Oregon Tort Claims Act – ORS 30.260 *et seq.*)

105.     Plaintiff's claims are subject to all limitations, conditions, and immunities contained in Oregon's Tort Claims Act, ORS 30.260 *et seq.*

## FORTEENTH AFFIRMATIVE DEFENSE

(No Duplicative Damages)

106.     Plaintiff is not entitled to recover duplicative damages.

/ / /

/ / /

/ / /

## FIFTEENTH AFFIRMATIVE DEFENSE

(Right to Assert Additional Affirmative Defenses)

107. Defendant reserves the right to assert additional affirmative defenses which discovery or other investigation may determine to be appropriate.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant asks for the following relief:

A. That judgment be entered in favor of Defendant and against Plaintiff;

B. That Defendant be awarded its reasonable costs incurred herein; and

C. That Defendant be awarded such other relief as the Court deems just and equitable.

DATED: December 19, 2024.

Respectfully submitted,

*/s/ Carey Caldwell*
Carey Caldwell, OSB #093032
Senior Deputy City Attorney
carey.caldwell@portlandoregon.gov
*Of Attorneys for Defendant*