Aaron P. Hisel, OSB #161265
*aaron@capitol.legal*
Capitol Legal Services
901 Capitol St. NE
Salem, OR 97301
   Telephone: (503) 480-7250
   Fax: (503) 779-2716
   Attorney for Defendant Christopher Sathoff

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| VAN LOO FIDUCIARY SERVICES LLC, an Oregon Limited Liability Corporation, as personal representative of the estate of, IMMANUEAL JAQUEZ CLARK, deceased<br><br>                Plaintiff,<br><br>v.<br><br>CITY OF PORTLAND, a municipal corporation, and CHRISTOPHER SATHOFF,<br><br>                Defendants. | Case No. 3:24-cv-00430-IM<br><br>**DEFENDANT CHRISTOPHER SATHOFF'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>**(Request for Jury Trial)** |

For his Answer to Plaintiff's Amended Complaint, Defendant Christopher Sathoff ("Officer Sathoff") hereby admits, denies, and alleges as follows:

1.

In response to paragraph 1, Officer Sathoff admits Portland Police Bureau members attempted to stop a car that Mr. Clark was standing near as part of an armed robbery investigation; that based on the conduct of the individual now known as Mr. Clark, Officer Sathoff reasonably

Page 1 –  **DEFENDANT CHRISTOPHER SATHOFF'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

believed Mr. Clark presented an imminent lethal threat to himself and others; that Officer Sathoff responded by firing from his service rifle; that Mr. Clark was injured; that Mr. Clark died; and that Officer Sathoff's conduct was found to be within the City's policies. The remainder of the allegations of this paragraph are either Plaintiff's legal theories, legal conclusions, or allegations to which Officer Sathoff does not have sufficient information to admit or deny and, on that basis, denies. Except as expressly admitted, deny.

2.

In response to paragraphs 2 and 3, these are Plaintiff's venue and jurisdiction statements to which no response is required.

3.

In response to paragraph 4, Officer Sathoff does not have sufficient information to admit or deny whether Plaintiff timely complied with ORS 30.275 or provided timely notice to all necessary parties and, on that basis, denies.

4.

In response to paragraphs 5, 6, 7, and 8, these are Plaintiff's party statements, legal theories, and legal conclusions to which no response is required. To the extent a response is required, Officer Sathoff admits the City is an Oregon municipal corporation; and that Officer Sathoff is a law enforcement officer for the City. Officer Sathoff is without sufficient information to admit or deny whether Mr. Clark died intestate or his state of residency and, on that basis, denies those allegations. Except as expressly admitted, deny.

5.

In response to paragraphs 9, 10, 11, 12, 13, 14, 15, and 16 Officer Sathoff admits he assisted with a robbery investigation that was occurring in the early morning hours of November 19, 2022;

Page 2 – **DEFENDANT CHRISTOPHER SATHOFF'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

that Plaintiff's representations of some of the CAD details in paragraphs 15 and 16 appear to be accurate; and that based on transcripts of the initial call (that Officer Sathoff did not have access to on the night in question) it appears the victim of the robbery did report 3 or 4 "definitely" white males wearing ski masks had robbed him at gunpoint and fled in a sedan. Except as so admitted, deny.

6.

In response to paragraphs 17, 18, and 19, Officer Sathoff has insufficient knowledge to admit or deny the timing or perceptions of Officer Brewer and, on that basis, denies those allegations. The remainder of these paragraphs are Plaintiff's legal conclusions and legal theories that do not require a response. Except as expressly admitted herein above, deny.

7.

In response to paragraphs 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, and 31 Officer Sathoff admits police reports indicate Sgt. Francis identified a vehicle with at least three individuals inside of it that Sgt. Francis believed was involved in an armed robbery; that between Sgt. Francis's observations and observations from an airplane the vehicle believed to be occupied by the suspects in an armed robbery parked behind the Reedwood Friends Church; that some of the people that had been in the car exited the vehicle; and that PPB Personnel including Officer Sathoff, Officer Jackson, Sgt. Speer, Officer Postula, Officer Livingston, Officer Ables, and Officer Holsti arrived on scene at various times. Officer Sathoff has insufficient knowledge to admit or deny the exact timing or perceptions of other officers and, on that basis, denies those aspects of Plaintiff's allegations. Except as so admitted, deny.

//

//

Page 3 –  **DEFENDANT CHRISTOPHER SATHOFF'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

8.

In response to paragraphs 32, 33, 34, 35, 36, 37, 38, 39, and 40, Officer Sathoff admits a plan was formulated to address the individuals believed to be associated with the armed robbery. The remainder of these paragraphs are Plaintiff's legal conclusions and legal theories that do not require a response. Except as admitted, deny.

9.

In response to paragraphs 41, and 42, Officer Sathoff admits the named officers were arranged in two police vehicles as described; and that Officer Sathoff had a PPB rifle with him. Except as admitted, deny.

10.

In response to paragraphs 43, 44, 45, 46, 47, and 48, Officer Sathoff admits the takedown lights of the police vehicles were activated at some point during the approach; that Officer Sathoff exited the vehicle he was in; that two men ignored police commands and fled the area as police arrived; and that no firearm was located in the vicinity of Mr. Clark. Except as admitted, deny.

11.

In response to paragraphs 49, 50, 51, 52, and 53 Officer Sathoff admits he fired three shots from his service rifle; that shots were recorded within police radio traffic; and that Mr. Clark appeared to react to the final shot. Except as admitted, deny.

12.

In response to paragraphs 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, and 64, Officer Sathoff admits Mr. Clark died. Officer Sathoff is without sufficient knowledge to admit or deny the allegations contained in these paragraphs and, on that basis, denies. Except as admitted, deny.

13.

In response to paragraphs 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, and 80, no response should be required as to Plaintiff's legal conclusions and allegations specifically directed at Defendant City of Portland. To the extent a response is required of Officer Sathoff to these paragraphs, Officer Sathoff admits he was interviewed as part of the City's review of this incident; and that his conduct was ultimately found to be within policy. Officer Sathoff is without sufficient knowledge or information to admit or deny the remaining allegations and, on this basis, denies.

14.

In response to paragraphs 81, 82, 83, 84, 85, 86, 87, 88, 89, and 90 these are Plaintiff's legal theories, legal conclusions, and prayer for damages to which no response is required. Officer Sathoff admits he was acting as a Portland Police Officer at all times relevant to this matter; and that his decision to fire was intentional. Except as admitted, deny.

15.

**FOR A FIRST AFFIRMATIVE DEFENSE**, Officer Sathoff alleges:

(Qualified Immunity)

Officer Sathoff is entitled to qualified immunity from Plaintiff's First Claim for relief in that his conduct did not violate any clearly established right of Mr. Clark under the totality of the circumstances he faced.

//
//
//
//

Page 5 –  **DEFENDANT CHRISTOPHER SATHOFF'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

16.

**FOR A SECOND AFFIRMATIVE DEFENSE**, Officer Sathoff alleges:

(Justification Common Law and statutory / Privileged / Good-Faith)

The claims asserted and the conduct at issue arise out of the lawful, justified, privileged, good-faith, and reasonable use of force under the totality of the circumstances Officer Sathoff faced.

17.

**FOR A THIRD AFFIRMATIVE DEFENSE**, Officer Sathoff alleges:

(Self-Defense / Defense of Others)

Officer Sathoff's use of force was justified and privileged to protect himself and other from a reasonable belief of an immediate threat of death or serious bodily injury.

18.

**FOR A FOURTH AFFIRMATIVE DEFENSE**, Officer Sathoff alleges:

(Good Faith)

Officer Sathoff's conduct, including the use of force, was undertaken in good faith.

19.

**FOR A FIFTH AFFIRMATIVE DEFENSE**, Officer Sathoff alleges:

(Oregon Tort Claims Act)

Plaintiff's Second Claim For Relief is subject to the limitations, conditions, and immunities contained in the Oregon Tort Claim's Act, ORS 30.260 *et seq*.

//

//

//

20.

**FOR AN SIXTH AFFIRMATIVE DEFENSE**, Officer Sathoff alleges:

(Wrongful Death Damages are Limited to ORS 30.020(2))

Plaintiff is not entitled to recover damages outside of the categories specified in ORS 30.020(2) on the second claim for relief.

21.

**FOR A SEVENTH AFFIRMATIVE DEFENSE**, Officer Sathoff alleges:

(ORS 31.180 – Certain Felonious Conduct as Bar to Civil Action)

Plaintiff's Second Claim for Relief is subject to being barred by ORS 31.180 as Mr. Clark's felonious conduct was a substantial factor contributing to Officer Sathoff's decision to use lethal force and Mr. Clark's death.

**WHEREFORE**, having fully responded to Plaintiff's Amended Complaint, Officer Sathoff requests judgment in his favor and against Plaintiff with an award of costs and attorney fees under 42 U.S.C. § 1988.

DATED this 20th day of December, 2024.

      s/ Aaron P. Hisel
Aaron P. Hisel, OSB #161265
Attorney for Defendant Christopher Sathoff

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing DEFENDANT CHRISTOPHER SATHOFF'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT on:

Jesse Merrithew
Sara Long
Levi Merrithew Horst PC
610 SW Alder Street, Suite 415
Portland, OR 97205
   Attorneys for Plaintiff

Carey Caldwell
Portland City Attorney's Office
1221 SW 4th Ave. Rm. 430
Portland, OR 97204
   Attorney for Defendant City of Portland

J. Ashlee Albies
Maya Rinta
Albies & Stark
1500 SW First Avenue, Suite 1000
Portland, OR 97201
   Attorneys for Plaintiff

Juan C. Chavez
Oregon Justice Resource Center
PO Box 5248
Portland, OR 97208
   Attorney for Plaintiff

by the following indicated method or methods:

☒     by **electronic means through the Court's Case Management/Electronic Case File system** on the date set forth below;

    by **emailing** a copy thereof to each attorney at each attorney's last-known email address on the date set forth below;

    by **mailing** a full, true, and correct copy thereof in a sealed, first-class postage-prepaid envelope, addressed to plaintiff's last-known address listed above and depositing it in the U.S. mail at Salem, Oregon on the date set forth below.

DATED this 20th day of December, 2024.

        s/ Aaron P. Hisel
       Aaron P. Hisel, OSB #161265
       Attorney for Defendant Christopher Sathoff

CERTIFICATE OF SERVICE